IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| IRMA LEIBAS, FRANK DONIS, | ) | |
| LUCY DIGIOIA, and BARBARA TAGUE, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. |
| v. | ) | |
| | ) | |
| THOMAS J. DART, SHERIFF OF COOK | ) | |
| COUNTY (Official Capacity), | ) | |
| REBECCA REIERSON, and | ) | |
| COUNTY OF COOK, a unit of local | ) | |
| government as indemnitor, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT, THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION, AND FMLA INTERFERENCE

IRMA LEIBAS, FRANK DONIS, LUCY DIGIOIA, and BARBARA TAGUE

("Plaintiffs"), by their attorney, Cass Thomas Casper, Esq., TALON LAW, LLC, complain as

follows against THOMAS J. DART, Sheriff of Cook County in his official capacity, REBECCA

REIERSON, in her individual capacity, and the COUNTY OF COOK, as indemnitor.

## NATURE OF THE ACTION

1.  This is an action for relief from employment discrimination in violation of the

Americans with Disabilities Act, and for violations of the Equal Protection Clause of the 14th

Amendment of the United States Constitution based on Plaintiffs suspect classification, *to wit*,

being actually disabled, being perceived as disabled, and/or having a record of disability.

2.  Plaintiffs are four sworn officers of the Cook County Sheriff and the County of

Cook working as Correctional Officers and/or Deputy Sheriffs within the Department of

Corrections or the Court Services Department.

3.  All Plaintiffs have certain medical restrictions, but despite such restrictions have, at all times relevant, been able to perform the true essential functions of their jobs.

4.  Plaintiffs bring this action for relief from at least Defendant Sheriff's policies, practices, and decisions that caused Defendant's adverse actions against Plaintiffs, which adverse actions include, but are not limited to:

    a.  subjecting Plaintiffs to fitness-for-duty examinations under the auspices of the ADA's interactive process and without Plaintiffs' knowledge or approval that Plaintiffs were being subjected to fitness-for-duty examinations;

    b.  subjecting Plaintiffs to a set of predetermined "options" that included that Plaintiffs either (i) have their medical restrictions removed, (ii) undergo a functional capacity evaluation in order to ascertain if they may hold another position within the Sheriff's Office, or, (iii) complete ADA accommodation paperwork and request an accommodation.  The problem is that the ADA accommodation request option is, in fact, a fitness-for-duty evaluation that guarantees that the employee will be determined unable to perform the essential functions of the job.

    c.  subjecting Plaintiffs to "sham" interactive processes under the ADA wherein the Sheriff made no effort whatsoever to engage the Plaintiffs as to reasonable accommodations, but instead held a superficial conversation that was a *fait accompli* for the Sheriff to attempt to check the ADA's interactive process box; and,

    d.  developing "sham" essential job functions job descriptions and "sham" determinations of essential job functions that do not represent the essential

functions of Correctional Officer and Deputy Sheriff positions but are, on belief, written with the intent to rid the workplace of persons with disabilities and medical restrictions. So too, these job descriptions and checklists were created long after Plaintiffs became Deputy Sheriffs/Correctional Officers, and were not developed using any reliable method for determining true job functions such as a job audit, job study, interviews, tours of facilities, or any other reliable means of ascertaining true job functions.

5. Plaintiffs seek injunctive and declaratory relief, compensatory damages, back pay and front pay, back benefits, pre-judgment interest, reinstatement, and reasonable attorney's fees and court and litigation costs as remedies for Defendant Dart's violations of their rights.

6. If the Court deems it appropriate and otherwise lawful, Plaintiffs also seek the appointment of an independent monitor to oversee the Sheriff's ADA processes for the purpose of addressing the problems underlying the claims raised herein.

## JURISDICTION & VENUE

7. Jurisdiction of this court arises under 28 U.S.C. §§ 1331, 1337 under 28 U.S.C. § 1331 pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, 42 U.S.C. § 1983, 28 U.S.C. § 1343, and the Fourteenth Amendment of the United States Constitution.

8. This Court has jurisdiction to award attorney's fees under 42 U.S.C. § 1988 and under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*

9. Venue is proper under 28 U.S.C. § 1391 because the events or omissions giving rise to the claims herein have occurred in this district, and because Defendants maintain places of operation within this District.

## PARTIES

10. Plaintiff IRMA LEIBAS is a natural person, a legal adult, and a resident of this judicial district. At all times relevant, she has been employed by Defendants Sheriff and Cook County as a Cook County Sheriff's Deputy Sheriff/Correctional Officer. Plaintiff LEIBAS' original date of hire with the Sheriff is May 10, 2010.

11. Plaintiff FRANK DONIS is a natural person, a legal adult, and a resident of this judicial district. At all times relevant, he has been employed by Defendants Sheriff and Cook County as a Cook County Sheriff's Deputy Sheriff/Correctional Officer. Plaintiff was harmed by Defendants in Cook County, Illinois. Plaintiff DONIS' original date of hire with the Sheriff is February 21, 2006.

12. Plaintiff BARBARA TAGUE is a natural person, a legal adult, and a resident of this judicial district. At all times relevant, she has been employed by Defendants Sheriff and Cook County as a Cook County Sheriff's Deputy Sheriff/Correctional Officer. Plaintiff TAGUE's original date of hire with the Sheriff is November 28, 1994.

13. Plaintiff LUCY DIGIOIA is a natural person, a legal adult, and a resident of Cook County, Illinois. At all times relevant, she has been employed by Defendants Sheriff and Cook County as a Cook County Sheriff's Deputy Sheriff/Correctional Officer. Plaintiff DIGIOIA's original date of his with the Sheriff is October 13, 1998.

14. Defendant THOMAS DART ("DART"), is sued in his official capacity as the duly-elected Sheriff of Cook County. He has a principal place of operation at 50 West Washington Street, Chicago, Illinois 60602. Defendant DART harmed Plaintiffs in Cook County, Illinois.

15. At all times relevant, Defendant Dart was and is a policy maker for the Cook

County Sheriff's Office and has final policymaking authority with regard to the conduct alleged herein. He is sued in his official capacity only.

16. At all times relevant, both Defendants Dart and Cook County have had at least 15 employees for each working day during 20 or more calendar weeks within the calendar year preceding the violations and the filing of this Complaint, and are and have been, therefore, employers within the meaning of the Americans with Disabilities Act.

17. At all times relevant, both Defendants Dart and Cook County have had at least 15 employees for each working day during 20 or more calendar weeks within the calendar year preceding the violations and the filing of this Complaint, and are and have been, therefore, employers within the meaning of the Family Medical Leave Act.

18. Defendant COOK COUNTY is a County in the State of Illinois with a principal place of business of 118 North Clark Street, Chicago, IL 60602. The County has indemnification obligations for wrongful acts committed by its officials or employees, such as the Sheriff. *See* 745 ILCS §§ 10/1-202 and 9-102 and is named in its capacity as indemnitor.

19. Defendant REBECCA REIERSON is an adult resident of Cook County, Illinois. She is the Director of Employee Services within the Bureau of Human Resources of the Cook County Sheriff's Office. She has responsibility for the ADA accommodation process for the Sheriff's Office.

20. REIERSON has at all times acted under color of law in the acts and omissions described herein. She is sued in her individual capacity only.

## CONSENT TO PROCEED IN SAME SUIT

21. All Plaintiffs are aware that they are being named as Plaintiffs in the same suit and have consented to it in writing.

## EXHAUSTION OF ADMINISTRATIVE PROCEEDINGS

22. On March 22, 2019, Plaintiff IRMA LEIBAS filed a charged of disability discrimination with the EEOC. A true and correct copy of that Charge is attached as Exhibit 1.

23. On August 20, 2019, Plaintiff LEIBAS received a right-to-sue letter from the Civil Rights Division of the U.S Department of Justice after having received one from the EEOC. A true and correct copy of these notices are attached as Group Exhibit 2.

24. On October 4, 2019 Plaintiff LUCY DIGIOIA filed a charge of disability discrimination with the EEOC. A true and correct copy is attached hereto as Exhibit 3.

25. On July 3, 2019, Plaintiff Barbara Tague filed a charge of disability discrimination with the EEOC. A true and correct copy is attached hereto as Exhibit 4.

26. On or about April 14, 2019, Plaintiff Frank Donis filed a charge of disability discrimination with the EEOC. A true and correct copy is attached hereto as Exhibit 5.

27. While Plaintiffs DiGioia, Donis, Blanchard, and Tague have not yet received right-to-sue letters from the EEOC, all these claims arise out of the same or similar discriminatory conduct by Defendants, and have been committed within the same timeframe, *to wit*, since in or about August 2018 through the present, so too, the claims are similar because:

    a. All Plaintiffs have medical restrictions;

    b. All Plaintiffs are able to perform the essential functions of the Correctional Officer/Deputy Sheriff position;

    c. Reierson has subjected each Plaintiff to a re-evaluation of their restrictions beginning in or about August 2018 and determined that each was unable to perform the essential functions of their job;

    d. Each of the Plaintiffs had, in fact, been performing their jobs satisfactorily for multiple years prior to Reierson's re-evaluation;

    e.   Each of the Plaintiffs was subjected to a purported reasonable accommodation process that was *not* a reasonable accommodation process, but, in fact, a fitness for duty examination;

    f.   None of the Plaintiffs were made aware that they were being subjected to a fitness for duty examination under the auspices of REIERSON's re-evaluation process.

28. All Plaintiffs have given notice to the Employer of impending suits and the Employer has had ample to time negotiate with the Plaintiffs and their attorney, and to utilize the conciliation services of the EEOC, but has not done so in any of Plaintiffs' cases.

29. All Plaintiffs have timely filed EEOC charges, and Plaintiff LEIBAS has received a right-to-sue letter.

30. All Plaintiffs may file together in the same suit as "single-filers" and as a matter of the "piggybacking doctrine," because all Plaintiffs' claims arise out of the Employer's discriminatory ADA practices, *to wit*:

    a.   Since in or about August 2018, subjecting Plaintiffs to fitness-for-duty examinations under the auspices of the ADA's interactive process and without Plaintiffs' knowledge or approval that Plaintiffs were being subjected to fitness-for-duty examinations;

    b.   Since in or about August 2018, subjecting Plaintiffs to a set of predetermined "options" that included that Plaintiffs either (i) have their medical restrictions removed, (ii) undergo a functional capacity evaluation in order to ascertain if they may hold another position within the Sheriff's Office, or, (iii) complete ADA accommodation paperwork and request an accommodation, which is, in fact, a sham process because it is based on untrue essential functions checklists written

7

in a way that guarantees employees with restrictions are deemed unable to perform the essential job functions.

c. Since in or about August 2018, subjecting Plaintiffs to "sham" interactive processes under the ADA wherein the Sheriff made no effort whatsoever to engage the Plaintiffs as to reasonable accommodations, but instead held a superficial conversation that was a *fait accompli* for the Sheriff to attempt to check the ADA's interactive process box; and,

d. Since in or about August 2018, developing "sham" essential job functions job descriptions and checklists that do not represent the true essential functions of Correctional Officer and Deputy Sheriff positions but are, on belief, written with the intent to rid the workplace of persons with disabilities and medical restrictions. So too, these job descriptions and checklists were created long after Plaintiffs became Deputy Sheriffs/Correctional Officers, and were not developed using any reliable method for determining true job functions such as a job audit, job study, interviews, tours of facilities, or any other reliable means of ascertaining true job functions.

31. Plaintiff LEIBAS has filed a timely complaint following receipt of a right-to-sue letter.

32. Plaintiffs DiGIOIA, DONIS, and TAGUE have satisfied the administrative prerequisites to bring this lawsuit via the single-filer exception / piggybacking doctrine.

<u>**COUNT I: 42 U.S.C. § 12101, *et seq.***</u>
<u>**DISABILITY DISCRIMINATION UNDER THE**</u>
<u>**AMERICANS WITH DISABILITIES ACT**</u>
(All Plaintiffs v. Defendant Dart)

33. Plaintiffs repeat, re-allege and incorporate by reference, the allegations in all other paragraphs of this Complaint with the same force and effect as if herein set forth.

34. The Americans with Disabilities Act prohibits an employer from treating a qualified individual with a disability who is an employee unfavorably because he or she has a disability, has a record of disability, and/or is perceived to have a physical impairment.

35. The Americans with Disabilities Act also requires an employer to provide a reasonable accommodation to an employee with a disability, unless doing so would cause significant difficulty or expense.

36. Each one of the Plaintiffs has a disability, a record of disability, and is perceived to have a physical disability, as follows:

    a.   LEIBAS has scleroderma, lupus, and raynauds syndrome which are skin and circulatory conditions that require her to wear gloves and a jacket at all times. Leibas has actually performed the essential functions of the Deputy Sheriff/Correctional Officer position for over 10 years with these conditions with accommodations for such conditions.

    b.   DIGIOIA has fibromyalgia, that, at times, makes it more difficult for her to breathe and that has caused her to have a medical restriction preventing her from wearing a vest at work. DIGIOIA has had such restriction since in or about 2013 and has been able to perform the essential functions of the Deputy Sheriff/Correctional Officer job at all times with an accommodation for her restriction.

    c.   TAGUE has shoulder arthritis that makes it more difficult for her to qualify with a firearm. TAGUE has had this condition since in or about 2015 and has at all times been able to perform the essential functions of the Deputy

Sheriff / Correctional Officer job with an accommodation for her restriction.

d.  DONIS has restrictions on his right knee resulting from an on-the-job injury and resulting in medical restrictions on prolonged kneeling, squatting, standing, and running/walking long distances.  DONIS is at all times able to perform the essential functions of a Deputy Sheriff / Correctional Officer position with an accommodation.

37. Beginning in or about August 2018, REIERSON either sent each of the Plaintiffs Letters or, in the case of Plaintiff DiGioia, received a phone call to advise them that they could not perform the essential functions of their job, and advising them as follows:

Dear IRMA LEIBAS,

Based on the medical information on file with the Cook County Sheriff's Office (CCSO), it appears you are unable to perform one or more of the essential functions of your position. Your job description and current restrictions are attached. To continue in your current job title, you must be able to perform the essential functions, with or without a reasonable accommodation. In response to this letter, you must proceed with one of the options below within 14 calendar days of the date of this letter:

(1) Present updated medical documents to Human Resources (HR) indicating you no longer have restrictions that prevent you from performing the essential functions of your position with or without an accommodation. Please email this documentation to ccso.rtw@cookcountyil.gov or bring your documents to HR at 3026 S. California Building 2 between 8 am and 4 pm.

(2) Request a Reasonable Accommodation under the ADA. If you have a disability under the ADA and believe there is a reasonable accommodation that will enable you to perform the essential functions of your position, you must complete the documents to request a reasonable accommodation. Please email ccso.rtw@cookcountyil.gov to request a Reasonable Accommodation Request packet. Please be aware that being assigned to an alternative assignment (i.e. desk duty) that does not encompass the essential functions of your job title is not considered a reasonable accommodation. If it is determined that based on your restrictions you cannot perform the essential functions of your position with or without a reasonable accommodation, HR will assist in determining if there is an alternative vacant position at the CCSO for which you are qualified.

(3) If you are not able to perform the essential functions of your position under 1 or 2 above, take a skills assessment to determine if you qualify for another vacant position at the CCSO. Alternative vacant positions are limited and may be available to employees who are determined to be qualified and who respond timely to this letter. The skills assessment can be completed on-line. To take the skills assessment, please send an email to ccso.rtw@cookcountyil.gov providing the email address to which you would like the link to the skills assessment sent.

Please be advised that you must select and notify HR of your intent to move forward with one of the above options. You must proceed with one of the options even if you are currently working in an assignment that is within your restrictions and/or you believe you already have a reasonable accommodation. Failure to proceed with an option within 14 calendar days of the date on this letter will result in removal from your current position (if you are currently in the workplace) and/or the loss of the opportunity for the CCSO to determine if you are qualified for a designated alternative position(s).

38. Each of the Plaintiffs either received a copy-pasted version of this letter, or in the case

of Plaintiff DiGioia, was notified in person of these options by REIERSON.

39. At no point prior to in or about Fall 2018 has any of the Plaintiffs ever received a

letter/phone call such as this, despite that each had their medical restrictions in place for a substantial period of time when they received same.

40. At all times, each of the Plaintiffs had been satisfactorily performing the true essential functions of the job for a substantial period of time prior to receiving this letter / phone call.

41. While the letter purports to given three "options," in fact, they are a sham because the Sheriff, in fact, did not grant reasonable accommodation requests to any of the Plaintiffs once they complete this paperwork, but instead merely stated that after reviewing the employee's responses they are unable to perform the essential functions of the job.

42. The Sheriff, accordingly, is using the Plaintiff's completed ADA accommodation request paperwork, as, in fact, a "fitness for duty examination" to further prove the Sheriff's position that Plaintiffs cannot perform the essential functions of the job.

43. The manner in which the Sheriff is providing this documentation to employees, under the auspices of an ADA Accommodation request packet, creates the impression that Plaintiffs are engaging in the interactive process about accommodations, when, in fact, Plaintiffs are being subjected to fitness-for-duty examinations.

44. Plaintiffs at all times were unaware of the consequences of filling out the Essential Functions paperwork, and were not advised of such consequences by the Sheriff and/or Reierson, and so were led to believe that completing the documentation was part of the reasonable accommodation interactive process, when it was really subjecting the employee to a fitness examination.

45. For example, LEIBAS requested an ADA Accommodation packet in response to the

letter she received from REIERSON (above), and that packet contained an alleged "Job Description – Essential Functions" checklist that consistent of untrue and false essential functions as well as marginal functions under the ADA.

46. So too, DiGioia was asked by Reierson in August 2019 to "update" her medical information, which resulted in Reierson giving a similar ADA Accommodation packet to DiGioia, except that such packet contained the following "Job Description – Essential Functions" checklist:

# JOB DESCRIPTION – ESSENTIAL JOB FUNCTIONS

| | INSTRUCTIONS FOR HEALTH CARE PROVIDER | |
|---|---|---|
| | Please review the essential job functions and the specific duties/tasks listed below to determine the impact of the serious medical condition on the patient's ability to perform his/her job and indicate which functions can or cannot be performed due to the medical condition. Additional information/more detail can be provided at the end of the form. | |
| | **JOB TITLE: Deputy Sheriff, Cook County Sheriff's Office, Court Services** | |
| | **ESSENTIAL JOB FUNCTIONS**<br>For each of the functions, indicate which cannot be performed due to the medical condition. | |
| **Importance** | **Major Job Duties/tasks** | **Able to perform Yes/No** |
| 1. | Maintain security and order of all courthouses. | |
| 2. | Effectively communicate and interact with detainees/arrestees, courthouse staff, and members of the public. | |
| 3. | When necessary, physically engage with citizens, detainees/arrestees, and courtroom staff (front door security, lock ups, courtroom remands, internal roving security, external roving security) in order to maintain the safety and security of all courthouses | |
| 4. | Conduct physical searches of both people (public and detainees/arrestees) and areas of assignment (courtrooms, front door security, lock ups, building, exterior perimeter, etc.). Includes the ability to effectively stand, walk, bend, stoop, kneel and lift/move arms. Also includes the ability to stand unassisted for prolonged periods of time as required in the performance of courtroom, lock up, and security assignments, and CCSO policy. | |
| 5. | Supervise detainees, including groups of detainees, and transport them to and from Court. | |
| 6. | Operate entry screening equipment and work at assigned standing security posts unassisted for prolonged periods of time; often an entire 8-10 hour shift. | |
| 7. | Interact with, search, secure, and transport detainees/arrestees for both internal and external movement, such as court movement, lock up movement, intake, hospital runs, etc. | |
| 8. | Engage in physical force as necessary and outlined in the progressive steps of the CCSO use of force policy, as well as communicate effectively to de-escalate, mitigate and prevent potential use of force situations when able. | |
| 9. | Perform security functions, and respond quickly to emergency situations; including bending, crouching, kneeling, running, lifting, and twisting. | |
| 10. | Conduct visual security assessments, which include physical capabilities such as bending, twisting, kneeling, crouching and walking both interior and exterior perimeters of courthouse buildings for prolonged periods of time. | |
| 11. | Enter, exit, sit in, and drive CCSO vehicles for prolonged periods of time based on area of assignment. | |
| 12. | Qualify annually with a duty weapon, and the ability to carry and secure/retain a duty weapon while wearing a duty belt as required by CCSO policy. | |
| 13. | Wear required safety equipment and duty uniforms as required by CCSO policy such as vest, taser, body camera, radio, etc. | |
| 14. | Effectively write narratives, enter data into required computerized systems, and complete all required reports, logs, and supplemental documents. | |

## JOB DESCRIPTION – ESSENTIAL JOB FUNCTIONS

| 15. | Utilize computers to check emails, review and comprehend trainings, policies, directives and compliance mandates. | |
| --- | --- | --- |
| 16. | Respond an "all call" situation. | |
| 17. | Work any shift and location and be available to work additional consecutive shifts based on operational needs. | |

Additional information _____

_____

PHYSICIAN SIGNATURE:_____ LICENSE#_____

47. Once Plaintiffs and their physicians completed this ADA packet, REIERSON and the Sheriff would then advise them that, based on their completed paperwork issued under the auspices of an ADA Accommodation process, Plaintiffs were unable to perform the essential functions of their jobs.

48. All Plaintiffs had the same experience with the ADA Accommodation packet, *to wit*, once Reierson and the Sheriff provided it to them, and they completed it, Reierson and the Sheriff would advise the employees that they could not perform the essential functions of their jobs.

49. This occurred even though the Essential Functions Checklist being utilized in this process had at least the following problems:

    a.  It does not reflect the actual part and current experience of occupants of these job titles;

    b.  It does not reflect the Employer's true judgment about essential functions but is specifically designed to be broad and vague enough to enable the Employer

15

to judge that every nearly employee with a medical restriction is not able to perform the essential job functions;

c. It does not comport with applicable collective bargaining agreements;

d. It does not account for the consequences of employees performing or not performing certain job duties;

e. It includes marginal functions that are not essential functions of the position;

f. It does not account for the amount or time or importance of a listed function;

g. It was not based on any reliable foundation to establish the amount of time required in each function;

h. It does not include amounts of time required for many functions, and lists functions that never or extremely rarely required as "essential";

i. It is not based on input from front-line supervisors or staff to ensure that it reflects the actual tasks being performed by Deputy Sheriffs / Correctional Officers; and,

j. It is not based on observational studies of the Deputy Sheriff / Correctional Officer job

50. The Essential Functions Checklists, too, were recently developed in or about 2017 and 2018 and are continuously and regularly changed to add in functions in order to "fish out" employees with medical restrictions from positions they have long occupied and been able to perform with accommodations.

51. For example, in Plaintiff Tague's case, Reierson applied the Essential Functions Checklist to her as requiring that she be able to qualify annually with a duty weapon, even though dozens of Sheriff's Officers have not been doing so for years and there are dozens of

assignments where duty weapons are not required, and even though Tague had been actually performing her job adequately without having to utilize a duty weapon for any purpose.

52. On information and belief, the Sheriff's true design in administering the ADA as a *de facto* fitness-for-duty process – and as a sword against employees, rather than a shield for them – is to eliminate employees with medical restrictions from their long-held and ably-performed positions.

53. REIERSON and the Sheriff, accordingly, have turned the ADA accommodation process into a sword to rid the workplace of employees with medical restrictions.

54. As a result of the foregoing activity, all Plaintiffs have lost pay and benefits, including overtime opportunities, have been segregated and transferred to non-bid positions, have been forced onto disability under the Cook County Pension Fund, and have suffered compensatory damages in the form of extreme stress and anxiety.

WHEREFORE, and that there is sought, judgment against Defendants, for back-pay, actual, general, special, compensatory damages in actual amounts to be proved at trial. Plaintiffs also seek declaratory relief directed against the Sheriff and the individual Defendants that they are violating the ADA and are directed to cease. Plaintiffs further demand judgment against Defendant for attorney's fees, court and litigation costs, and such other relief deemed to be just and equitable.

**COUNT II: 42 U.S.C. § 1983**
**DEPRIVATION OF 14th AMENDMENT EQUAL PROTECTION BASED ON**
**PROTECTED CLASSIFICATION (DISABILITY)**
(All Plaintiffs v. Reierson)

55. Plaintiffs repeat, re-allege and incorporate by reference, the allegations in all other paragraphs of this Complaint with the same force and effect as if herein set forth.

56. At all times relevant, Plaintiffs are all members of a suspect, historically-protected

17

classification, *to wit*, persons with disabilities.

57. At all times relevant, Defendants REIERSON has acted under the color law and authority by virtue of his position and authority with the Sheriff's Office.

58. At all times relevant, by the aforementioned specific actions incorporated and reincorporated herein in this Count from Count I, Defendant REIERSON has deprived Plaintiffs of their rights to equal protection of the laws under the Fourteenth Amendment of the United States Constitution by subjecting them to a discriminatory fitness-for-duty process not imposed upon non-disabled persons that caused Plaintiffs to lose pay, benefits, forced them in Leibas' and Tague's cases onto disability, and caused all Plaintiffs emotional distress.

WHEREFORE, and that there is sought, judgment against Defendants, for back-pay, actual, general, special, compensatory damages in actual amounts to be proved at trial. Plaintiffs also seek declaratory relief directed against the Sheriff and the individual Defendants that they are violating the Equal Protection Clause of the Fourteenth Amended and are directed to cease and desist from actions and omissions causing such deprivations. Plaintiffs further demand judgment against Defendant for attorney's fees, court and litigation costs, and such other relief deemed to be just and equitable.

## COUNT III: 42 U.S.C. § 1983
### *MONELL* - DEPRIVATION OF 14th AMENDMENT EQUAL PROTECTION BASED ON PROTECTED CLASSIFICATION (DISABILITY)
### (All Plaintiffs v. Defendant Dart in Official Capacity Only)

59. Plaintiffs repeat, re-allege and incorporate by reference, the allegations in all other paragraphs of this Complaint with the same force and effect as if herein set forth.

60. At all times relevant, Defendant Dart has final policymaking authority for and as to the Sheriff's Office of Cook County as he is and has been the elected Sheriff of Cook County.

61. Under color of law, Defendant Dart adopted policies, practices, and customs of subjecting Plaintiffs and similarly-situated officers to fitness-for-duty examinations under the auspices of an ADA accommodation process, while not subjecting non-disabled officers to similar requirements in order to keep their jobs, active duty status, and level of pay.

62. Defendant Dart's deliberate actions in enacting such policies, practices, decisions, customs, and procedures has placed Plaintiffs in a position where their disability has been at least a significant motivating factor, if not the primary factor, in causing their losses of pay, active work status, position, and emotional wherewithal.

63. Under color of law, Defendant Dart has established a widespread, permanent, well-settled practice and custom of subjecting Plaintiffs and similarly-situated officers to the complained-of policies and widespread practices outlined herein.

64. All of the Plaintiffs' cases represent a specific pattern of incidents in which Defendant has established a policy and custom that, although unlawful, has the authority and air of law so as to constitute Sheriff's official policy and practice.

65. Under color of law, Defendant Dart, by the adoption of such policies, practices, and customs caused the constitutional deprivations and injuries to Plaintiffs, *to wit*, being denied due process of law because of their race.

66. The violations of Plaintiffs' constitutional Fourteenth Amendment rights resulted from Defendant Dart's official policy, custom and practice, and express acts under the color of law.

67. Defendant Dart's conduct and omissions were and are the actual and proximate cause of the deprivation of Plaintiffs' constitutional rights to due process of law regardless of their race.

68. Plaintiffs have suffered actual harm to include loss of employment, loss of wages, loss of benefits, loss of pension service credits and contributions, and humiliation, anxiety, and stress.

WHEREFORE, Plaintiffs pray that this Court enter and order and enter judgment against Defendants for all of the following affirmative and other relief: (1) pay damages to Plaintiffs for actual, general, special, compensatory damages, including emotional distress and reputational damage, in amounts to be proved at trial; (2) pay the costs of litigating this action and reasonable attorneys' fees; and, (3) order such other relief as this Court deems just and proper.

### COUNT IV: FMLA INTERFERENCE CLAIM
**(Plaintiff DiGioia v. Defendant Dart in his official capacity)**

69. All other paragraphs of this Complaint are incorporated by express reference in this Count.

70. Plaintiff DiGioia on August 20, 2019 provided the Sheriff's Human Resources with a completed FMLA certification packet for a family member.

71. On August 28, 2019, Human Resources contacted DiGioia asking her to update her medical restrictions for her ADA accommodation.

72. On September 4, 2019, REIERSON began emailing DiGioia asking her to update her medical restrictions as soon as possible, in the same email chain as DiGioia's request for FMLA certification for her family member.

73. Reierson later called DiGioia and met her at her workplace about her restrictions – not being able to wear a vest. During the conversation, Reierson advised that DiGioia could not perform the essential functions of the job.

74. Reierson's actions were taken in retaliation for, and constitute an interference with

DiGioia's rights under the FMLA, *to wit*, DiGioia's request for FMLA for a family member triggered a reevaluation of her own medical restrictions and notice from REIERSON that she could not perform the essential functions of her job.

75. By the actions of his employee and agent, DART has violated the interference and retaliation provisions of the FMLA.

WHEREFORE, and that there is sought, judgment against Defendants, for back-pay, actual, general, special, compensatory damages in actual amounts to be proved at trial. Plaintiff also seeks declaratory relief directed against the Sheriff that he is to cease from violating the FMLA. Plaintiff further demand judgment against Defendant for attorney's fees, court and litigation costs, and such other relief deemed to be just and equitable.

## COUNT V: INDEMNIFICATION
### (All Plaintiffs v. Cook County)

76. Plaintiffs reallege and incorporate by reference all other paragraphs of this Complaint above as if fully set forth herein.

77. Illinois statute provides that a local public entity such as Defendant Cook County is obligated to assume financial responsibility for the actions committed by its officials or employees, such as Defendant Thomas J. Dart and the other Individual Defendants. *See* 745 ILCS §§ 10/1-202, 10/2-302, and 10/9-102.

WHEREFORE, Plaintiffs respectfully request that Defendant Cook County be directed to pay, indemnify, and assume financial responsibility for the actions and/or omissions committed by Defendant Dart and the other individual Defendants in all ways for harms caused by them.

### JURY DEMANDED AS TO ALL COUNTS

DATED: November 15, 2019

Respectfully submitted,

*/s Cass T. Casper*

_____

Cass T. Casper, Esq.

*Cass T. Casper, Esq.*
TALON LAW, LLC
105 West Madison Street, Suite 1350
Chicago, Illinois 60602
Phone: (312) 351-2478 | Fax: (312) 276-4930
Email: ctc@talonlaw.com

EXHIBIT 1

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974: See Privacy Act Statement before completing this form.<br><br>#  | ☒ IDHR<br><br>☒ EEOC | 440-2019-03479 |

## Illinois Department of Human Rights and EEOC

| NAME OF COMPLAINT (indicate Mr. Ms. Mrs.) | | TELEPHONE NUMBER (include area code) |
|---|---|---|
| Irma Leibas | | ▮▮▮▮▮▮ |

| STREET ADDRESS | CITY, STATE, ZIP CODE | DATE OF BIRTH |
|---|---|---|
| ▮▮▮▮▮ | Dyer, Indiana 46311 | ▮▮▮▮ |

**NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE, LIST BELOW)**

| NAME OF RESPONDENT | NUMBER OF EMPLOYEES, MEMBERS +15 | TELEPHONE NUMBER (include area code) |
|---|---|---|
| Sheriff of Cook County | | (312) 603-6444 |

| STREET ADDRESS | CITY, STATE, ZIP CODE | COUNTY |
|---|---|---|
| 2700 South California Avenue | Chicago, Illinois 60604 | Cook |

| CAUSE OF DISCRIMINATION BASED ON: | DATE OF DISCRIMINATION EARLIEST (ADEA/EPA) LATEST (ALL) |
|---|---|
| | September 1, 2018 and continuing thereafter |
| Physical Disabilities, Retaliation | ☒ CONTINUING ACTION |

S E E   A T T A C H E D

RECEIVED EEOC

MAR 2 2 2019

CHICAGO DISTRICT OFFICE

Page 1 of

| I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | SUBSCRIBED AND SWORN TO BEFORE ME<br><br>THIS 22 DAY OF March , 2019 .<br><br>NOTARY SIGNATURE |
|---|---|
| OFFICIAL SEAL<br>CASS THOMAS CASPER<br>NOTARY PUBLIC - STATE OF ILLINOIS<br>My Commission Expires March 7, 2021<br><br>NOTARY STAMP | X _____ Irma Leibas _____ 3-22-19<br>SIGNATURE OF COMPLAINANT          DATE<br><br>I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that is is true to the best of my knowledge, information and belief |

EEO-5 FORM (Rev 05/14-INT)

EXHIBIT 2



**U.S. Equal Employment Opportunity Commission**
**Chicago District Office**
500 West Madison Street, Suite 2000
Chicago, IL 60661

CDO Main  (312) 869-8000
Main Fax (312) 869-8220
TTY (312) 869-8001
FAX (312) 869-8220

**Irma Leibas**
**c/o Cass Casper**
**79 West Monroe Street., Suite 1213**
**Chicago, IL 60603**

Re: **Irma Leibas v Cook County Sheriff**
    **EEOC Number: 440-2019-03479**

Dear Ms. Leibas:

Your request for a Notice of Right-to-Sue on the above referenced charge has been received.

Because your charge is filed against a public employer, your request is being forwarded to the Department of Justice.  You will receive a response from them in the near future.

Sincerely,

_7/29/19_
**Date**

**Julianne Bowman**
**District Director**

cc: Karen Ferguson, Civil Rights Analyst

EXHIBIT 2

U.S. Department of Justice

Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson , EMP, PHB, Room 4701*
*Washington, DC 20530*

CERTIFIED MAIL
7018 1830 0000 1246 9466

August 20, 2019

Ms. Irma Leibas
c/o Cass Casper, Esquire
Talon Law
79 West Monroe Street
Suite 1213
Chicago, IL 60603

Re: EEOC Charge Against Sheriff of Cook County
    No. 440201903479

Dear Ms. Leibas:

Because you filed the above charge with the Equal Employment Opportunity Commission, and the Commission has determined that it will not be able to investigate and conciliate that charge within 180 days of the date the Commission assumed jurisdiction over the charge and the Department has determined that it will not file any lawsuit(s) based thereon within that time, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action against the above-named respondent under: Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq., and, Title V, Section 503 of the Act, 42 U.S.C. 12203.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

The investigative file pertaining to your case is located in the EEOC Chicago District Office, Chicago, IL.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Eric S. Dreiband
Assistant Attorney General
Civil Rights Division

by *Karen L. Ferguson*

Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

EXHIBIT 3

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974: See Privacy Act Statement before completing this form.<br><br># | ☒ IDHR<br><br>☐ EEOC | |

## Illinois Department of Human Rights and EEOC

| NAME OF COMPLAINT (indicate Mr. Ms. Mrs.)<br><br>Lucy DiGioia | | TELEPHONE NUMBER (include area code)<br><br>▓▓▓▓▓ |
|---|---|---|
| STREET ADDRESS<br><br>▓▓▓▓▓ | CITY, STATE, ZIP CODE<br><br>Bartlett, Illinois 60103 | DATE OF BIRTH<br><br>▓▓▓▓ |

**NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE, LIST BELOW)**

| NAME OF RESPONDENT<br><br>Thomas J. Dart, Sheriff of Cook County | NUMBER OF EMPLOYEES, MEMBERS +15 | TELEPHONE NUMBER (include area code)<br><br>(312) 603-3000 |
|---|---|---|
| STREET ADDRESS<br><br>50 West Washington Street, Room 702 | CITY, STATE, ZIP CODE<br><br>Chicago, Illinois 60602 | COUNTY<br><br>Cook |

| CAUSE OF DISCRIMINATION BASED ON:<br><br>Disability Discrimination, FMLA Discrimination and Retaliation, Failure to Accommodate. Since I submitted my FMLA Request on August 13, 2019, the Employer has subjected me to a fitness for duty examination under the auspices of reviewing my medical restrictions. They claim it is part of the ADA process, but it is in fact a FFD. | DATE OF DISCRIMINATION EARLIEST (ADEA/EPA) LATEST (ALL)<br><br>8/1/2019<br><br>☒ CONTINUING ACTION |
|---|---|

RECEIVED EEOC

OCT 0 4 2019

CHICAGO DISTRICT OFFICE

S E E   A T T A C H E D

Page 1 of 2

| I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | SUBSCRIBED AND SWORN TO BEFORE ME<br><br>THIS _____ DAY OF _____, _____.<br><br>_____<br>NOTARY SIGNATURE |
|---|---|
| NOTARY STAMP | x _Lucy DiGioia_  10-3-19<br>SIGNATURE OF COMPLAINANT          DATE<br><br>I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that is true to the best of my knowledge, information and belief |

EEO-5 FORM (Rev. 05/ 4-INT)

EXHIBIT 4

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974: See Privacy Act Statement<br>before completing this form.<br><br># | AGENCY<br><br>☒ IDHR<br><br>☑ EEOC | CHARGE NUMBER |
|---|---|---|

## Illinois Department of Human Rights and EEOC

| NAME OF COMPLAINT (indicate Mr. Ms. Mrs.)<br><br>Barbara Tague (barbaraswede@att.net) | TELEPHONE NUMBER (include area code)<br><br>███████████ |
|---|---|

| STREET ADDRESS<br><br>████████████ | CITY, STATE, ZIP CODE<br><br>Oak Lawn, IL 60453 | DATE OF BIRTH<br><br>████████ |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE, LIST BELOW)

| NAME OF RESPONDENT<br><br>Thomas J. Dart, Sheriff of Cook Coutny | NUMBER OF EMPLOYEES, MEMBERS +15 | TELEPHONE NUMBER (include area code)<br><br>(312) 603-6444 |
|---|---|---|

| STREET ADDRESS<br><br>50 West Washington Street, Room 704 | CITY, STATE, ZIP CODE<br><br>Chicago, Illinois 60602 | COUNTY<br><br>Cook |
|---|---|---|

| CAUSE OF DISCRIMINATION BASED ON:<br><br>Physical Disabilities; Failure to Accommodate | DATE OF DISCRIMINATION<br>EARLIEST (ADEA/EPA) LATEST (ALL)<br><br>March 2019 and continuing<br><br>☒ CONTINUING ACTION |
|---|---|

RECEIVED EEOC

JUL 0 3 2019

**S E E   A T T A C H E D**

CHICAGO DISTRICT OFFICE

Page 1 of

| I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | SUBSCRIBED AND SWORN TO BEFORE ME<br><br>THIS 24 DAY OF June , 2019.<br><br>NOTARY SIGNATURE |
|---|---|
| **OFFICIAL SEAL**<br>CASS THOMAS CASPER<br>NOTARY PUBLIC - STATE OF ILLINOIS<br>My Commission Expires March 7, 2021<br><br>NOTARY STAMP | x _Barbara Tague_ 24 JuN 19<br>SIGNATURE OF COMPLAINANT    DATE<br><br>I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that is is true to the best of my knowledge, information and belief |

EEO-5 FORM (Rev. 05/14-INT)

EXHIBIT 5

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See Privacy Act Statement before completing this form.<br><br>#| ☒ IDHR<br><br>☐ EEOC   XX | |

### Illinois Department of Human Rights and EEOC

| NAME OF COMPLAINT (indicate Mr. Ms. Mrs.) | TELEPHONE NUMBER (include area code) |
|---|---|
| MR. FRANK DONIS | ■■■■■■■■ |

| STREET ADDRESS | CITY, STATE, ZIP CODE | DATE OF BIRTH |
|---|---|---|
| ■■■■■■■■ | CHICAGO, IL 60651 | ■■■■■■ |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE, LIST BELOW)

| NAME OF RESPONDENT | NUMBER OF EMPLOYEES, MEMBERS +15 | TELEPHONE NUMBER (include area code) |
|---|---|---|
| Thomas J. Dart, Sheriff of Cook County | | (312) 603-6444 |

| STREET ADDRESS | CITY, STATE, ZIP CODE | COUNTY |
|---|---|---|
| 50 West Washington Street, Room 705 | Chicago, Illinois 60602 | Cook |

| CAUSE OF DISCRIMINATION BASED ON: | DATE OF DISCRIMINATION EARLIEST (ADEA/EPA) LATEST (ALL) |
|---|---|
| Physical Disabilities; Retaliation | ☒ CONTINUING ACTION |

RECEIVED EEOC

APR 18 ...

S E E   A T T A C H E D

CHICAGO DISTRICT OFFICE

Page 1 of

| I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures | SUBSCRIBED AND SWORN TO BEFORE ME<br><br>THIS 14 DAY OF April 2019<br><br>_____<br>NOTARY SIGNATURE |
|---|---|
| **OFFICIAL SEAL**<br>**CASS THOMAS CASPER**<br>NOTARY PUBLIC - STATE OF ILLINOIS<br>My Commission Expires March 7, 2021<br><br>NOTARY STAMP | 14 APRIL 2019<br>X _____<br>SIGNATURE OF COMPLAINANT    DATE<br><br>I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that is is true to the best of my knowledge, information and belief |

EEO-5 FORM (Rev. 05/14–INT)