UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IRMA G. LEIBAS, FRANK DONIS, BARBARA TAGUE, LUCY DIGIOIA, and TAMIKA BARKER, <br><br> Plaintiffs, <br><br> v. <br><br> THOMAS J. DART, Sheriff of Cook County, in his official capacity, REBECCA REIERSON, and COUNTY OF COOK, a unit of local government, as indemnitor, <br><br> Defendants. | Case No. 19 C 7592 <br><br> Judge Rebecca R. Pallmeyer |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Irma Leibas, Frank Donis, Barbara Tague, Lucy DiGioia, and Tamika Barker are correctional officers and/or deputy sheriffs in the Cook County Department of Corrections or Court Services Department. (First Am. Compl. [10] ¶ 2.) In this lawsuit, they seek relief from alleged employment discrimination in violation of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12111 *et seq.*, and from alleged violations of the Fourteenth Amendment based on their disabilities or perceived disabilities. (*Id.* ¶ 1.) Plaintiffs allege that Defendants subjected them to "sham" ADA interactive processes that were in fact fitness-for-duty examinations with a predetermined outcome: a determination that Plaintiffs are incapable of performing their essential job functions. (*Id.* ¶ 4.) Defendants are Thomas J. Dart in his official capacity as Cook County Sheriff, Cook County as an indemnitor, and Rebecca Reierson in her individual capacity. (*Id.* ¶¶ 15-16, 19-20.) Defendant Reierson is the Director of Employee Services in the Bureau of Human Resources of the Cook County Sheriff's Office (hereinafter "HR Director") and is responsible for the Office's ADA accommodation process. (*Id.* ¶ 20.) She is also a licensed attorney. (*See, e.g.*, Feb. 26, 2020 Hr'g Tr. [36] at 4:14.)

At the request of Plaintiffs' counsel, the court directed Defendant Reierson to cease

communicating with Plaintiffs "other than through their lawyer." (Feb. 26, 2020 Hr'g Tr. at 6:2-4.) Defendants contend this ruling is overbroad and undermines effective HR functions, and have asked the court for reconsideration. For the reasons discussed here, the court concludes that it needs more information from both sides before it can rule. Defendants must explain in more detail how the court's no-contact order is causing them prejudice. Broad references to their obligation to engage in the ADA's interactive process are insufficient. Plaintiffs must explain why Defendants' proposal—*i.e.*, that Plaintiffs forward communications from Defendant Reierson to their counsel, who can advise them on how to respond—would not protect against interference with the attorney-client relationship and the disclosure of privileged information.

## BACKGROUND

Plaintiffs filed this lawsuit in November 2019. In February 2020, Plaintiffs' counsel reported that Defendant Reierson was "making direct contact with" Plaintiffs about ADA issues. (*See* Feb. 26, 2020 Hr'g Tr. at 4:11-5:1.) Plaintiffs' counsel asserted that the communications were undermining the attorney-client relationship and risked disclosure of privileged information to Defendant Reierson. (*See id.* at 4:20-23.) Defendants responded that there was nothing improper about Defendant Reierson's communications with Plaintiffs because Defendant Reierson "is not working as an attorney in the Sheriff's legal department" but rather "communicates with the employees regarding their medical conditions" in her role as HR Director. (*Id.* at 5:14-19.) This court was troubled by the direct communications, however, and, in a bench ruling, ordered Defendant Reierson to stop communicating with Plaintiffs "other than through their lawyer." (*Id.* at 6:2-4.) The court explained that "[w]hether she is acting as a lawyer or not within the office . . . the wiser course is for her not to have contact with a represented party." (*Id.* at 5:24-6:1.)

## DISCUSSION

Defendants move for reconsideration of the court's no-contact order under Federal Rule of Civil Procedure 54(b). Rule 54(b) provides that "any order or other decision . . . that adjudicates

2

fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." FED. R. CIV. P. 54(b). "Motions for reconsideration 'serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence.'" *Thermapure, Inc. v. RxHeat, LLC*, No. 10-cv-8157, 2015 WL 110075, at *3 (N.D. Ill. Jan. 7, 2015) (quoting *Caisse Nationale de Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1269 (7th Cir. 1996)).

When Plaintiffs requested the no-contact order, they alluded to only one source of support: Rule 4.2 of the American Bar Association's Model Rules of Professional Conduct. Rule 4.2 Provides:

> In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order.

ABA Model Rule of Prof. Conduct 4.2 (9th Ed. 2019) ("Rule 4.2"). In opposing Defendants' motion for reconsideration, Plaintiffs again rely exclusively on Rule 4.2. (*See generally* Pls.' Opp. [39].)

Having examined Model Rule 4.2 and relevant case law, the court concludes that the Rule's applicability in the present circumstances is unclear. The Rule's plain language, annotations, and comments suggest that it does not cover Defendant Reierson's communications with Plaintiffs. Rule 4.2 applies to lawyers who are "representing a client." Rule 4.2; *see also* Rule 4.2, Annotation ("If a person is represented in a matter, *lawyers for others in the matter* may not communicate about it with him directly but must go through his lawyer." (emphasis added)). It is undisputed that Defendant Reierson is not representing Defendants (or herself) in this action, and as the Annotation to Rule 4.2 notes, "[I]f the lawyer is acting in a capacity other than that of lawyer, the anticontact rule is generally not applicable." Rule 4.2, Annotation. Indeed, Plaintiffs have not offered evidence that Defendant Reierson practices law in her role as HR Director at all. In this case, her role is that of a party, not a lawyer. Comment 4 to the Rule states that "[p]arties

3

to a matter may communicate directly with each other." Rule 4.2, cmt. 4. That is exactly what is happening here. Finally, Comment 4 states that "a lawyer having independent justification or legal authorization for communicating with a represented person is permitted to do so." *Id.* Defendants here have explained that the ADA requires an employer to communicate with its employees about reasonable accommodations; it is Defendant Reierson's job to engage in such communications; and the court's order interferes with her ability to do so.

Although not binding on the court, *HTC Corp. v. Technology Properties Ltd.*, 715 F. Supp. 2d 968 (N.D. Cal. 2010), provides guidance here. *See also* Rule 4.2, Annotation (citing same). *HTC* concerned California Rule of Professional Conduct 2-100, which mirrors Rule 4.2. *See HTC*, 715 F. Supp. 2d at 971-72. In that case, the defendant's chairman was a licensed attorney, but did not represent the defendant in any legal capacity. Invoking Rule 2-100, the plaintiff asked the court to prohibit the chairman from contacting members of the plaintiff's upper management directly to discuss settlement. *Id.* The court refused; it reasoned that the communications were permitted because Rule 2-100 applies to attorneys "while representing a client," and the chairman was not representing the defendant in "any legal capacity." *Id.* at 972. In addition, the court determined that the communication fell within the scope of the Rule's "expressly permitted communication" between parties to an action. *Id.* at 973.

But *HTC* differs from this case in a key respect: the defendant's chairman was not a named defendant. Defendant Reierson is, and her communications with Plaintiffs concern the issues (Plaintiffs' ability to perform their jobs) that are at the heart of this lawsuit. Moreover, at least some Illinois case law suggests, unlike the court in *HTC*, that Rule 4.2 is implicated here. *See In re Segall*, 177 Ill. 2d 1, 509 N.E.2d 988, 109 Ill. Dec. 149 (1987). *In re Segall* addressed Illinois Disciplinary Rule 7-104(a)(1), which is nearly identical to Rule 4.2. *See* 177 Ill. 2d at 5-6, 509 N.E.2d at 990, 109 Ill. Dec. at 151. A lawyer who represented himself in an underlying lawsuit argued that when he contacted opposing parties, he was not making contact "[d]uring the course of his representation of a client," and therefore did not violate Rule 7-104(a)(1). *Id.*, 177 Ill. 2d at

4

6, 509 N.E.2d at 990, 109 Ill. Dec. at 151. The court disagreed. It stated, "An attorney who is himself a party to the litigation represents himself when he contacts an opposing party. . . . [A]n attorney who is himself a litigant may be disciplined under Rule 7-104(a)(1) when, as in the case at bar, he directly contacts an opposing party without permission from that party's counsel." *Id.* Defendant Reierson is not representing herself in this action, but the cited language from *In re Segall* is not limited to an attorney proceeding *pro se*. See id.

The parties have not identified any authority that addresses the circumstances here. Defendants do not cite any cases that discuss Rule 4.2 or a no-contact order, and Plaintiffs cite only *Orlowski v. Dominick's Finer Foods, Inc.*, 937 F. Supp. 723, 727 (N.D. Ill. 1996), where the court determined "which corporate employees" were "represented parties" whom the plaintiffs' counsel could not contact. The case law is ambiguous, and the court feels the factual record is too sketchy to make a meaningful determination. For these reasons, the court directs Defendants to explain exactly how the court's no-contact order is causing them prejudice, and directs Plaintiffs to explain why Defendants' proposed solution would not resolve their concerns.

## **CONCLUSION**

Defendants' Thomas J. Dart, Rebecca Reierson, and the County of Cook's Motion for Reconsideration [34] is entered and continued. Both sides are directed to file statements addressing the court's concerns by August 21, 2020.

ENTER:

Dated: August 13, 2020

_____
REBECCA R. PALLMEYER
United States District Judge

5